**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

LISA WELLS,                                        Case No. 1:14-cv-767

    Plaintiff,

    vs.                                        Black, J.
                                   Bowman, M.J.

DLJ MORTGAGE CAPITOL INC.,

    Defendants.

### REPORT AND RECOMMENDATION

Plaintiff brings this *pro se* action against "DLJ Mortgage Capitol, Inc."  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B). Upon careful review, the undersigned finds that this action should be dismissed because it fails to state a federal claim for relief.

28 U.S.C. § 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).   Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock,*

549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Johnson v. City of Wakefield,* 2012 WL 2337343 *1 (6th Cir. June 20, 2012); *Johns v. Maxey,* 2008 WL 4442467 *1 (E.D.Tenn. Sept.25, 2008) (Greer, J.).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Here, Plaintiff's proposed complaint alleges that her home was illegally sold at a secret auction. As such, Plaintiff asserts that Defendant wrongly "foreclosed" on Plaintiff's property. Plaintiff's complaint seeks a "Stay of Eviction, TRO, Injunction and Declaratory and Quiet Title Relief." (Doc. 1). Upon careful review, the undersigned finds that this Court lacks jurisdiction

2

over Plaintiff's claims.

The *Rooker–Feldman* doctrine prohibits federal courts, other than the United States Supreme Court, from performing appellate review of state court rulings. *Lawrence v. Welch,* 531 F.3d 364, 368 (6th Cir.2008); *see also Givens,* 278 F. App'x 607, 608–09 (6th Cir.2008) ("Pursuant to [the *Rooker–Feldman* ] doctrine, lower federal courts lack subject matter jurisdiction to review the decisions of state courts."). Here, the primary relief requested by Plaintiff is to enjoin Defendant from her property and to declare that Plaintiff's property was illegally sold. Under nearly identical facts, the Sixth Circuit has determined that such an action was properly dismissed pursuant to *Rooker-Feldman*. See *Givens v. Homecomings Fin.*, 278 F. App'x 607, 609 (6th Cir. 2008) (affirming dismissal under Rooker-Fedlman where the primary relief that [Givens] requests in his complaint is a temporary injunction that would "enjoin Defendants from physically entering onto plaintiff[']s property" and that would "dispos[e] ... of any other civil or procedural action regarding the subject property.").

Furthermore, Plaintiff's request for this Court to stay the state court eviction proceedings is prohibited pursuant to the Anti–Injunction Act. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."); *see also E3A v. Bank of Am., N.A.,* No. 13–10277, 2013 U.S. Dist. LEXIS 38251, 2013 WL 784339 (E.D.Mich. Mar. 1, 2013) (finding plaintiff's request to stay writ of eviction in the 36th District Court prohibited pursuant to the Anti–Injunction Act) (citing *Cragin v. Comerica Mortgage Co.,* No. 94–2246, 1995 U.S.App. LEXIS 37089, at *1, 1995 WL 626292 (6th Cir. Oct. 24, 1995) (finding that the Anti–Injunction Act "generally precludes federal

injunctions that would stay pending foreclosure proceedings in the state courts.")).

Additionally, Plaintiff's proposed complaint asserts that Defendants have committed violation of FDCPA, TILA and RESPA.  However, such assertions are not supported by any factual allegations.  Thus, Plaintiff's complaint does not contain a federal claim against any defendant. *See Am. Fed'n of Television and Radio Artists, AFL–CIO v. WJBK–TV,* 164 F.3d 1004, 1007 (6th Cir.1999) ("Merely referring to a federal statute ... does not establish federal jurisdiction" (citation and quotation marks omitted)).[1]   Plaintiff's claim lies in state court.

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief.   It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis.*

                                    __s/ Stephanie K. Bowman_____
                                    Stephanie K. Bowman
                                    United States Magistrate Judge

---

[1] The undersigned also notes that Plaintiff alleges that Defendant's principal place of business is located in Utah. To the extent that Plaintiff is asserting diversity jurisdiction, this Court's General Order 07-03 provides procedures for foreclosure actions that are based upon diversity jurisdiction. Included in this General Order is a list of items that must accompany the Complaint.  Among the items listed are: a Preliminary Judicial Report; a written payment history verified by the plaintiff's affidavit that the amount in controversy exceeds $75,000; a legible copy of the promissory note and any loan modifications, a recorded copy of the mortgage; any applicable assignments of the mortgage, an affidavit documenting that the named plaintiff is the owner and holder of the note and mortgage; and a corporate disclosure statement. In general, it is from these items and the foreclosure complaint that the Court can confirm standing and the existence of diversity jurisdiction at the time the foreclosure complaint is filed.  *See NovaStar Mortgage, Inc. v. Grooms*, 3:07-CV-395, 2007 WL 4190796 (S.D. Ohio Nov. 21, 2007).  Here, although the Plaintiff is the alleged obligor on the note and not the note holder, the proposed complaint fails to provide any of the required attachments and therefore the Court cannot determine the existence of diversity jurisdiction. Furthermore, Plaintiff has not made a claim for money damages.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

LISA WELLS,                                    Case No. 1:14-cv-767
          Plaintiff,

                                               Black, J.
          vs.                                  Bowman, M.J.

DLJ MORTGAGE CAPITOL INC.,
          Defendants


**NOTICE**

     Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections

to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served

with a copy thereof.   That period may be extended further by the Court on timely motion by

either side for an extension of time.   All objections shall specify the portion(s) of the R&R

objected to, and shall be accompanied by a memorandum of law in support of the objections.   A

party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served

with a copy of those objections.   Failure to make objections in accordance with this procedure

may forfeit rights on appeal.   *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v.*

*Walters,* 638 F.2d 947 (6th Cir. 1981).

5